### PASTEUR VACCINE CO. v. UNITED STATES.

(Circuit Court, N. D. Illinois. November 8, 1900.)

**1. CUSTOMS DUTIES—CLASSIFICATION—VACCINE VIRUS.**

A preparation known as "Anthrax Vaccine," or "Blackleg," which is used for the prevention of anthrax or blackleg, a disease of cattle, is included within paragraph 692, Free List, § 2, c. 11, Act July 24, 1897, 30 Stat. 202 (U. S. Comp. St. 1901, p. 1689), relating to "vaccine virus," and is thereby taken out of the provision in paragraph 68, Schedule A, § 1, c. 11, Act July 24, 1897, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1631), for "medicinal preparations not specially provided for."

Appeal from a decision (G. A. 4600) by the board of general appraisers which affirmed the classification by the collector of customs at the port of Chicago in assessing duty on importations of the Pasteur Vaccine Company.

The merchandise in question consisted of a preparation known as "Anthrax Vaccine," or "Blackleg Vaccine," used for the prevention of anthrax or blackleg, a disease of cattle. It was classified by the collector as dutiable at the rate of 25 per cent. ad valorem, under the provision in paragraph 68, Schedule A, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1631), for "medicinal preparations not containing alcohol or in the preparation of which alcohol is not used, not specially provided for." The importing company contends that it should have been classified as free of duty, under the provision in paragraph 692, Free List, § 2, c. 11, Act July 24, 1897, 30 Stat. 202 (U. S. Comp. St. 1901, p. 1689), for "vaccine virus." The board, on the authority of Koechl v. United States, 28 C. C. A. 458, 84 Fed. 448, overruled this contention, and the importers appealed.

Defrees, Brace & Ritter, for appellants.

O. E. Pagin, Asst. U. S. Atty.

KOHLSAAT, District Judge. I am of the opinion that the vaccine virus imported by applicant is included within the term "vaccine virus," contained in paragraph 692, Free List, § 2, c. 11, Tariff Act July 24, 1897, 30 Stat. 202 (U. S. Comp. St. 1901, p. 1689), and should therefore be admitted free of duty. I do not think that the proofs sustain the contentions of the government that the vaccine virus contemplated in said paragraph 692 was only such as had theretofore been commonly used in the vaccination of human beings for the prevention of smallpox, that applicant's preparation was known only by the name "vaccine," and that its introduction into this country prior to the passage of said act was in such limited quantities and in such private manner that Congress did not have, and could not be reasonably held to have had, knowledge of it as an article of commerce under the designation of "vaccine virus." I am of the opinion, from the evidence submitted, that the term "vaccine virus" applies as well to preparations against contagious diseases, and that the use of

applicant's preparation in this country was sufficiently general and public, prior to the passage of said tariff act, as to be reasonably held to have been within the knowledge and contemplation of Congress at the time said paragraph 692 was determined upon.

An order may therefore be prepared overruling the action of the board of general appraisers, and canceling the entries heretofore made, imposing a duty of 25 per cent. ad valorem upon said article, under the class "medicinal preparations."